**In the United States District Court**
**for the**
**Western District of Texas**

| | | |
|---|---|---|
| **United States of America** | | |
| | § | |
| **v.** | § | |
| | § | |
| **Robert Nelson Crumps** | § | **SA-07-cr-631-XR** |
| | § | |

**ORDER**

On this day came on to be considered Defendant's motion to vacate (docket no. 50), the United States Magistrate Judge's Report and Recommendation (docket no. 53) and Plaintiff's objections thereto (docket no. 57). After careful consideration, the Court will deny Defendant's motion and accept the Magistrate Judge's Report and Recommendation.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. See 28 U.S.C. 636(b)(1) (A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). On the other hand, any Report or Recommendation that is objected to requires de novo review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

The Magistrate Judge concluded that Crumps had not made a substantial showing of the denial of a constitutional right in order to obtain relief under section 2255. After conducting a de novo review the Court agrees.

The Defendant objects to the Report and Recommendation claiming that his counsel was ineffective for not raising an objection to the Government's recommendation that the Defendant receive a 24-month sentence for the violation of his supervised release conditions. In addition, he objects arguing that the Court erred in imposing this sentence. The Court held an extensive hearing on the motion to revoke supervised release on April 4, 2012. During the hearing one witness testified that the Defendant assaulted her in March 2011 and August 2, 2011. Another witness testified that the Defendant violated a do not contact order the probation officer gave to the Defendant. After hearing from both of the witnesses and the Defendant, the Court found the witnesses' testimony to be credible. The Court also noted that there had been a prior agreed order revoking the Defendant's supervised release wherein Defendant was warned not to contact certain individuals and that he complete anger management classes.

During the punishment phase of the hearing the Defendant continued to deny the allegations and blamed the female witnesses as "scorned" ex-girlfriends. Defendant's counsel recognizing that his client's allocution was "a little loose grip on reality" appealed to the Court's understanding and compassion. Defendant's counsel was not ineffective during the proceeding. The Government requested the 24-month sentence because the Defendant had been extended "breaks" while on supervised release and then pled guilty to a state charge of aggravated assault with a deadly weapon while on supervised release. Further, the Government reminded the Court that the last agreed order regarding supervised release warned the Defendant that a statutory maximum sentence may be imposed if there were any other violations. Despite the Defendant's

objection, the Court noted the previous agreed order, the previous recognition of anger management issues and the assaults as reasons for imposing the sentence.

## Conclusion

Defendant's motion to vacate (docket no. 50) is denied.

SIGNED this 16th day of October, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE